IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NANCY I. TRINIDAD TORRES, on behalf of her minor child C.Y.R.T., who appears on his own and as legal heir of Christopher Rojas Miranda; NORMA MIRANDA, on her own and on behalf of her minor child J.L.M., <br><br> **Plaintiffs,** <br><br> V. <br><br> HON. PEDRO TOLEDO-DAVILA, THE PUERTO RICO POLICE CHIEF in his personal/individual Capacity; <br><br> Sergeant MIGUEL RODRIGUEZ CRESPI, a police officer in his personal/individual capacity; <br><br> WILLIAM PEREZ SOTO, a police officer in his personal/individual Capacity; <br><br> JOHN DOE AND JANE PUBLIC; fictitious names of other persons who directly participated in the planning or execution of the relevant facts of violation of rights of Plaintiffs. <br><br> INSURANCE COMPANY A-B-C, INC. <br><br> Defendants. | CIVIL NO. 08-1415 (DRD) <br><br> JURY TRIAL DEMANDED |

# SECOND AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW the Plaintiffs, by and through the undersigned counsels, and respectfully allege, state and requests, as follows:

**I.   NATURE OF THE ACTION**

1.1   This is a civil rights action for compensatory damages brought by Plaintiffs against Defendant police officers who, under color of State law, conspired with or aided and abetted each other to subject, and subjected, the deceased Christopher Rojas

("Rojas" or "decedent") to the deprivation of rights and privileges secured and protected by the Constitutions and laws of the United States and the Commonwealth of Puerto Rico, namely the Constitutional right to be free from an unreasonable search and seizure of his person and the Constitutional right to be free of the excessive use force, which culminated in Rojas' death.

1.2     The Plaintiffs also brings this claim against the defendant superintendent of police and the defendant commanding officers because their conduct reflected a reckless or callous indifference to the decedent's rights.

1.3     This complaint is also brought by Plaintiffs pursuant to the State general tort statute against the Defendant superintendent of police, the defendant commanding officers, the police officers, for infliction of emotional distress, assault, battery, and other tortious conduct.

## II.     JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction to allow this suit pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments of the United States Constitution.

2.2     Venue is proper in the instant case as all claims arise from events that have occurred and are occurring within the jurisdiction of this Court in the Commonwealth of Puerto Rico.

2.3     Plaintiffs further invokes the supplemental jurisdiction of this Court to hear and adjudicate claims arising under the Constitution of the Commonwealth of Puerto Rico (Article II, Sections 7, 8 and 10) and the laws of the Commonwealth of Puerto Rico (Articles 1802 and 1803 of the Civil Code, 32 L.P.R.A. §§ 5141 and 5142), since they are

so related to the aforestated federal claim that they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

2.4     Plaintiffs demand trial by jury.

### III.    PARTIES TO THE ACTION

A.     The Plaintiffs

3.1     Rojas was a U.S. citizen and resident of Puerto Rico.  On April 10, 2007, the day he was killed by the Commonwealth of Puerto Rico officers, he was 28 years old. He was college educated.

3.2     Plaintiff Nancy I. Trinidad Torres is the legal guardian and mother of the minor Plaintiff CYRT, who is the only son and legal heir of Rojas and has been at all times pertinent to this litigation a resident of Puerto Rico.

3.3     Before the filing of this second amended complaint a paternity suit was brought forth in the Commonwealth of Puerto Rico, Superior Court of Bayamon, Court of First Instance, captioned as *Nancy I. Trinidad on behalf of her minor child CYT vs. Heirs of Christopher Miranda,* Civil #K FI 2011-0010, in order to have minor CYT paternity rights established. Through the course of the proceedings, the Court of First Instance ordered for the Commonwealth's Forensic Science Institute to preserve the requisite body fluids of the decedent in order to perform DNA testing to establish paternity. Once such tests were completed, the results established with 99.9% of probability that minor plaintiff CYRT was fathered by the decedent Christopher Rojas. On March 12, 2012, the Court of First Instance decreed the paternity CYRT as the son of the decedent Christopher Rojas.

3.4 Plaintiff NORMA MIRANDA is the mother of Rojas and has been at all times pertinent to this litigation a resident of Puerto Rico.

3.5 Plaintiff NORMA MIRANDA is the legal guardian and mother of the minor Plaintiff JLM, who is the only brother of Rojas and has been at all times pertinent to this litigation a resident of Puerto Rico.

B. The Defendants

3.4 Hon. Pedro Toledo-Davila ("Toledo"). At all times material herein, Toledo was the Superintendent of the Puerto Rico Police Department, acting as such under color of local law. He is sued in his individual and official capacity.

3.5 Officer Miguel Rodriguez Crespi. He is a Sergeant of the Puerto Rico Police Department, acting as such under color of local law. He is sued in his individual and official capacities.

3.6 Officers William Perez Soto, Orlando Rivera-Lugardo. They are officers of the Puerto Rico Police Department, acting as such under color of local law. He/she is sued in their individual and official capacities.

3.7 John Doe II And Jane Doe, et. al. They are designated with fictitious names because these individuals as yet unknown, together with the named Defendants, participated in or acted in concert to carry out the acts complained of herein; and also acted intentionally, illegally and under color of law under, the police power of the police department, causing damages to Plaintiff.

3.8 Insurance agencies A, B, and C are companies which may be providing insurance to the above Defendants which may cover their liability for the violation of the decedent's Federally protected rights, and whose names are heretofore unknown.

4

### IV. FACTS COMMON TO ALL PLAINTIFFS AND CAUSES OF ACTION

4.1     In 2007, at the time of his death, Rojas was 28 years old, a U.S. citizen and resident of the Commonwealth of Puerto Rico.

4.2     On April 10, 2007, Rojas was signaled by Defendants – members of the Commonwealth State police – to pull over to the side of the road to detain him. Rojas abided by the Defendants commands.

4.3     Rojas was then arrested, taken into custody and driven to a police station in Toa Baja, Puerto Rico, where he was placed in a cell.

4.4     During the process of the initial stopping of Rojas to his eventual transport to police detention facilities, the decedent was restrained, subdued, repeatedly hit, beaten and savagely brutalized, while he was in the custody and control of the Defendants and while he was fully restrained.

4.5     The beating Rojas sustained caused him to loose consciousness and to suffer a lingering death.

4.6     While Rojas was restrained and unconscious, in the custody and control of Defendants and fully dependant on them to remain alive (given the extreme and delicate nature of his condition, resulting from the beating inflicted upon him by Defendants), Defendants refused to provide any medical attention to his urgent medical needs. Specifically, Defendants failed to call for emergency services, for an ambulance or to provide any other type of help that would have prevented his death.

4.7     Defendants conduct - the savage beating - was the proximate cause of Rojas' death.

4.8     Defendants' use of multiple kicks, punches, extended positional restraint and denial or urgent medical care were objectively unreasonable: given their knowledge that Rojas was impaired by the possibility of drug activity and that his physical condition was seriously compromised; given that such conduct created a substantial risk of death or serious bodily injury; given that Rojas was not fleeing, he had no weapons and he had not committed a serious crime; and, given that such conduct was not justified by any serious threat to their safety. Therefore, Defendant's conduct constituted unconstitutional excessive use of force and denial of medical assistance to urgent medical needs.

4.9     Supervisory personnel and the Police Chief have ratified all of the misconduct of Defendants by allowing such conduct and failing to provide any discipline for the misconduct.

4.10    Upon belief, all misconduct undertaken by Defendants was made within the scope of their duties, acting under color of law, according to Commonwealth Police Department policy and procedure.

4.11    As a proximate cause of Defendants' negligent and intentional unlawful acts, Rojas suffered substantial physical injuries and the apprehension of his imminent death, including pain and suffering, in an amount to be proven at trial.

4.12    Defendants deprived Rojas of his federal civil rights, with deliberate disregard of the federal rights, for the purpose of harming Plaintiffs without legal justification.

4.13    Defendants acted knowingly, intentionally, willfully, wantonly and/or with reckless disregard for the decedent's Federal rights and Plaintiffs' State rights. Indeed, such actions and omissions by the Defendants shock the conscience.

4.14    All of the Defendants' actions and/or omissions were done with the intent of depriving the decedent of his rights guaranteed by the US and the Commonwealth's Constitutions.

4.15    At the time of these events, Defendants' conduct violated clearly established law and the rights of the citizens afforded to them, including the decedent, under the U.S. Constitution, the Commonwealth's Constitution and relevant case law.

V.    **TOLLING OF THE STATUTE OF LIMITATIONS**

5.1    The facts that give rise to this action occurred on April 10, 2007.

5.2    The complaint was filed in this Court on April 9, 2009, captioned as *Norma I. Miranda et. al. v. Acevedo Vila*, Civ. No. 08-1415 (DRD). *See,* Docket Entry 1.

5.3    During the course of the proceedings it came to light that the decedent had a minor child who was legally unrecognized, given that Rojas died unmarried and without taking the requisite legal steps to establish paternity. Thereafter, paternity proceedings were instituted in Commonwealth Courts to legitimize the minor Plaintiff CYRT.

5.4    As result of the foregoing, on April 20, 2011, the District Court dismissed the complaint in Civ. No. 08-1415 (DRD), without prejudice, ruling, *inter alia,* that the complaint could be re-filed in a six-month period.

5.5    Plaintiff NORMA MIRANDA tolled the statute of limitations by filing the judicial claim on April 9, 2009, with this US District Court for the District of PR. The applicable prescriptive term commenced to run anew one day after April 20, 2011, when such claim was dismissed without prejudice.

5.6     The applicable statute of limitations has never commenced to run as to the minor Plaintiffs CYRT and JLM.

## VI.    FIRST CAUSE OF ACTION

6.1     The foregoing allegations are repeated and alleged herein.

6.2     Defendants intentionally acted with callous and reckless disregard for Plaintiffs' decedent's fundamental rights and engaged in conduct that shocks the conscience.  This First Cause of Action arises under the federal civil rights statute.

6.3     Defendants' conduct constitutes the deprivation of Rojas' federally protected rights under color of law, i.e., unreasonable search and seizure, excessive use of force, denial of urgent medical care and in-custody homicide, all in violation of the Fourth and Fourteenth Amendments to the Constitution. This unconstitutional conduct by Defendants caused Rojas to experience injury, fear, and great physical pain during his beating by Defendants, and ultimately the loss of his life. Said violations were made intentionally or with deliberate indifference to his Constitutional rights. Rojas' only son and legal heir, the minor Plaintiff CYT, inherited the entitlement to receive compensatory damages for the physical pain and mental anguish Rojas endured up to the time of his death.

6.4     Defendants engaged in the unlawful conduct in question with malice or reckless indifference to the federally protected rights of Rojas. Rojas' only son and legal heir, the minor Plaintiff CYT, is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful conduct.

**THEREFORE,** Rojas' only son and legal heir, the minor Plaintiff CYT, demands that Judgment be entered in his favor and against Defendants, awarding him the amount

of **FIVE MILLION DOLLARS ($5,000,000.00)** in compensatory and **TWO MILLION DOLLARS ($2,000,000.00)** in punitive damages; awarding him reasonable attorney's fees, the costs of this action and post-judgment interests; and, granting him such other further relief that under the circumstances may seem appropriate to this Honorable Court.

VII.  **SECOND CAUSE OF ACTION**

7.1   The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

7.2   This Second Cause of Action arises under the Puerto Rico general tort statutes and out of the Commonwealth's Constitution **(Article II, Sections 7, 8 and 10)**.

7.3   Defendants, intentionally, recklessly and/or negligently, caused Rojas to be subjected to invasion of privacy, infliction of emotional distress, assault, battery and other extreme and outrageous conduct.

7.4   As a direct result of Defendants' fault and/or negligence, Rojas suffered severe physical pain and mental anguish and distress.  Defendants committed the torts of assault, battery and false imprisonment against Rojas, when they seized him and repeatedly beat him without consent or legal authority in a manner that was offensive, injurious and proximately caused his death, subjecting them to liability. Rojas' only son and legal heir, the minor Plaintiff CYT, inherited the entitlement to receive compensatory damages for the physical pain and mental anguish Rojas endured up to the time of his death.

**THEREFORE,** Rojas' only son and legal heir, the minor Plaintiff CYT, demands that Judgment be entered in his favor and against Defendants, awarding him the amount

of **FIVE MILLION DOLLARS ($5,000,000.00)** in compensatory damages; awarding him reasonable attorney's fees, the costs of this action and post-judgment interests; and, granting him such other further relief that under the circumstances may seem appropriate to this Honorable Court.

**VIII.    THIRD CAUSE OF ACTION**

8.1    The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

8.2    This Third Cause of Action arises under the Puerto Rico general tort statutes.

8.3    As a proximate cause of the Defendants' gross negligence and/or intentional unlawful acts and the resultant wrongful and untimely death of his Rojas while in police custody, his only son, the minor Plaintiff CYT, sustained the loss of his father; and, he suffered, is suffering and will continue to suffer the loss of the love, care, education, guidance, attention, affection, companionship, moral support, pleasures and enjoyment he derived and would have continue to derive from his father, but for the intentional and/or grossly negligent acts of Defendants, all of which has caused said minor Plaintiff to sustain permanent mental, psychological, moral and emotional pain, anguish and distress.

8.4    As a consequence of Roja's wrongful and untimely death, his only son and legal heir, the minor Plaintiff CYT, suffered the loss of economic support he derived and would have continue to derive from his father, but for the intentional and/or grossly negligent acts of Defendants, all of which has caused said minor Plaintiff to sustain loss of earnings, in amounts to be proven at trial.

**THEREFORE,** the minor Plaintiff CYT demands that Judgment be entered in his favor and against Defendants, awarding him the amount of **THREE MILLION DOLLARS ($3,000,000.00)** in compensatory damages; awarding him loss of past and future income reasonably estimated at this time in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**; awarding him reasonable attorney's fees, the costs of this action and post-judgment interests; and, granting him such other further relief that under the circumstances may seem appropriate to this Honorable Court.

IX.   **FOURTH CAUSE OF ACTION**

9.1   The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

9.2   This Fourth Cause of Action arises under the Puerto Rico general tort statutes.

9.3   As a proximate cause of the Defendants' gross negligence and/or intentional unlawful acts and the resultant wrongful and untimely death of his Rojas while in police custody**,** his mother, Plaintiff NORMA MIRANDA, sustained the loss of her son; and, she suffered, is suffering and will continue to suffer the loss of the love, care, attention, affection, companionship, moral support, pleasures and enjoyment she derived and would have continue to derive from her son, but for the intentional and/or grossly negligent acts of the Defendants, all of which has caused her to sustain permanent mental, psychological, moral and emotional pain, anguish and distress.

9.4   As consequence of the aforementioned mental damages suffered by Plaintiff NORMA MIRANDA as result of her son's wrongful and untimely death, she underwent psychiatric hospitalizations and has been and will continue to be in the future

under psychiatric treatment and medications. She is entitled to receive a reasonable amount of money for these past and future medical expenses.

9.5	As a consequence of Roja's wrongful death, the Plaintiff NORMA MIRANDA incurred in funeral expenses in an amount to be proven at trial.

**THEREFORE,** the Plaintiff NORMA MIRANDA demands that Judgment be entered in her favor and against Defendants, awarding her the amount of **THREE MILLION DOLLARS ($3,000,000.00)** in compensatory damages; granting her an award for past and future medical expenses, which are reasonably estimated in the amount of **FIFTY THOUSAND DOLLARS ($50,000.00)**; reimbursing her funeral expenses in the approximate amount of **FIVE THOUSAND DOLLARS ($5,000.00)**; awarding her reasonable attorney's fees, the costs of this action and post-judgment interests; and, granting her such other further relief that under the circumstances may seem appropriate to this Honorable Court.

## X.	FIFTH CAUSE OF ACTION

10.1	The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

10.2	This Fifth Cause of Action arises under the Puerto Rico general tort statutes.

10.3	As a proximate cause of the Defendants' gross negligence and/or intentional unlawful acts and the resultant wrongful and untimely death of his Rojas while in police custody, the minor Plaintiff JLM, sustained the loss of his older brother**;** and, he suffered, is suffering and will continue to suffer the loss of the love, attention, affection, companionship, moral support, pleasures and enjoyment he derived and would have

continue to derive from his brother, but for the intentional and/or grossly negligent acts of the Defendants, all of which has caused him to sustain permanent mental, psychological, moral and emotional pain, anguish and distress.

**THEREFORE,** the minor Plaintiff JLM demands that Judgment be entered in his favor and against Defendants, awarding him the amount of **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)** in compensatory damages; awarding him reasonable attorney's fees, the costs of this action and post-judgment interests; and, granting him such other further relief that under the circumstances may seem appropriate to this Honorable Court.

## XI. PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of the plaintiffs and against the defendants:

a. granting the plaintiffs all the sums and remedies requested in the complaint;

b. imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit;

c. awarding the plaintiffs a reasonable amount for attorneys' fees; and,

d. granting the Plaintiffs any other relief that they may be entitled to as a matter of law.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendants.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 9th day of April of 2012.

**WE HEREBY CERTIFY** that on this date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Defendants.

S/JOSE F. QUETGLAS JORDAN
USDC-PR NO. 203411

QUETGLAS LAW OFFICES
PO Box 16606
San Juan PR, 00908-6606
Tel: (787) 722-0635/722-7745
Fax: (787) 725-3970
Email: jfquetglas@gmail.com

S/PEDRO R. VAZQUEZ
USDC-PR NO. 216311

405 Esmeralda Ave.
Suite 2, PMB 153
Guaynabo, PR   00969-4457
(787) 722-0635/722-7745
Email: prvazquez3@gmail.com

S/CARLOS GONZALEZ CONTRERAS
USDC-PR #126506

PO Box 16606
San Juan PR, 00908-6606
Tel: (787) 722-0635/722-7745
Fax: (787) 725-3970
Email: carlosgon24@yahoo.com